NATALIE HANLON-LEH (*pro hac vice application pending*)
nhanlon-leh@faegre.com
DAVID J.F. GROSS (*pro hac vice application pending*)
dgross@faegre.com
MARY V. SOOTER (*pro hac vice application pending*)
msooter@faegre.com
TIMOTHY E. GRIMSRUD (*pro hac vice application pending*)
tgrimsrud@faegre.com
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone: 303-607-3500
Facsimile: 303-607-3600

HEATHER N. MEWES (CSB No. 203690)
hmewes@fenwick.com
LAUREN E. WHITTEMORE (CSB No. 255432)
lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: 415-875-2300
Facsimile: 415-281.1350

Attorneys for Defendants
JDS Uniphase Corporation and
Agility Communications, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BOOKHAM, INC., a Delaware Corporation,<br><br>  Plaintiff,<br><br> v.<br><br>JDS UNIPHASE CORPORATION, a Delaware corporation;<br>AGILITY COMMUNICATIONS, INC., a Delaware corporation; and DOES 1-10,<br><br>  Defendants. | Case No.: C 08-01275-RMW<br><br>**DEFENDANTS JDS UNIPHASE CORPORATION'S AND AGILITY COMMUNICATION, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, STATUTORY UNFAIR COMPETITION AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

Defendants JDS UNIPHASE CORPORATION (hereinafter "JDSU") and Agility Communications, Inc. (hereinafter "Agility Communications"), by and through their undersigned counsel, respond to Bookham, Inc.'s First Amended Complaint for Intentional Interference with Prospective Economic Advantage, Statutory Unfair Competition, and Declaratory Judgment of Noninfringement, Invalidity, and Unenforceability ("First Amended Complaint") [Docket Entry No. ("DE") 15] as follows:

Except as expressly admitted below, Defendants deny all allegations contained in the Plaintiff's First Amended Complaint.

### THE PARTIES

1. Plaintiff, Bookham, Inc. ("Bookham") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 2584 Junction Ave., San Jose, California, 95134.

**Answer:** Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and therefore deny the same.

2. Defendant JDS Uniphase Corp. ("JDSU") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 430 N. McCarthy Boulevard, Milpitas, California, 95035.

**Answer:** Defendants admit the allegations contained in Paragraph 2.

3. Defendant Agility Communications, Inc. ("Agility Communications") is a corporation organized and existing under the laws of the State of Delaware. Agility Communications' address is listed with the California Secretary of State as 475 Pine Avenue, Goleta, California, 93117. Agility Communications' registered agent is located at 430 N. McCarthy Boulevard, Milpitas, California, 95035. Agility Communications is a wholly-owned subsidiary of JDSU.

**Answer:** Agility Communications was merged into JDSU. Defendants admit that the California Secretary of State's website lists Agility's address as 475 Pine Avenue, Goleta, California, 93117. Defendants admit that the California Secretary of State's website shows that

Agility's registered agent is located at 430 N. McCarthy Boulevard, Milpitas, California, 95035. Defendants deny the remaining allegations in Paragraph 3.

4.  The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants named as DOES 1 through 10 inclusive, are unknown to Bookham, and Bookham therefore sues these defendants by fictitious names. Bookham will seek leave to amend this complaint to include the true names and capacities of the DOE defendants when ascertained.

**Answer:** The Defendants are without information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations about its own knowledge, and therefore deny the same. To the extent that Paragraph 4 predicts the future acts of Bookham, Paragraph 4 requires no response. To the extent that the allegations of Paragraph 4 require a response, Defendants deny the allegations therein.

## JURISDICTION

5.  This is an action under section 17200 et seq. of the Business & Professions Code of the State of California. The Defendants are subject to jurisdiction in the Sate of California because they expressly, intentionally, and knowingly directed unlawful actions at a corporation headquartered in California and because these intentional actions caused harm in California. In addition, JDSU is headquartered in the Northern District of California.

**Answer:** JDSU admits that it is headquartered in the Northern District of California and states that the remainder of Paragraph 5 calls for a legal conclusion and requires no response herein. To the extent that the remaining allegations in Paragraph 5 require a response, Defendants deny the allegations therein.

6.  This is also an action arising under the laws of the State of California in which Bookham seeks to recover for intentional interference with economic advantage. The Defendants are subject to jurisdiction in the State of California because they expressly, intentionally, and knowingly directed actions at a corporation headquartered in California and because these intentional actions caused harm in California.

**Answer:** Paragraph 6 calls for a legal conclusion and requires no response herein. To the

-3-

1  extent that the remaining allegations in Paragraph 6 require a response, Defendants deny the
2  allegations therein.

3      7.    This is also an action for a declaratory judgment of non infringement, invalidity, and
4  unenforceability of United States Patents Nos. 6,658,035, 6,654,400, 6,687,278, and related patents.
5  The action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the
6  patent laws of the United States, including Title 35, United States Code. This Court has original
7  jurisdiction over the subject matter of this action under 28 U .S.C. § 1338.

8  **Answer:** Paragraph 7 calls for a legal conclusion and requires no response herein.  To the
9  extent that the remaining allegations in Paragraph 7 require a response, Defendants deny the
10  allegations therein.

11  **VENUE**

12      8.    Venue is proper in this Court under 28 U.S.C. § 1391 because JDSU resides in this
13  judicial district and because a substantial part of the events giving rise to Bookham's claims occurred
14  in this judicial district.

15  **Answer:** Defendants admit that JDSU resides in this judicial district.  The remainder of
16  Paragraph 8 calls for a legal conclusion and requires no response herein.  To the extent that the
17  remaining allegations in paragraph 8 require a response, Defendants deny the allegations therein.

18  **INTRADISTRICT ASSIGNMENT**

19      9.    This patent action is in an excepted category for Local Rule 3-2(c), Assignment of a
20  Division, and will be assigned on a district-wide basis.

21  **Answer:** Paragraph 9 calls for a legal conclusion and requires no response herein.

22  **FACTUAL ALLEGATIONS**

23      10.    JDSU purports to own United States Patent Nos. 6,658,035 (the" '035 patent"),
24  6,654,400 (the" '400 patent"), and 6,687,278 (the" '278 patent"), collectively referred to as the
25  "Patents" and attached as Exhibits 1, 2 and 3. Records at the United States Patent and Trademark
26  Office ("USPTO") list Agility Communications as the present assignee for the Patents, and, as of the
27
28

filing date of Bookham's complaint, records at the USPTO listed Agility Communications as the assignee of the Patents.

**Answer:** Defendants admit that JDSU acquired Agility Communications and that JDSU owns United States Patent Nos. 6,658,035, 6,654,400, and 6,687,278. Defendants also admit that Agility Communications was the assignee for the '035 patent, the '400 patent, and the '278 patent prior to JDSU's acquisition of Agility Communications, and, as of the filing date of Bookham's complaint, records at the USPTO listed Agility Communications as the assignee of the Patents.

11. JDSU acquired Agility Communications in November 2005 and, on information and belief, acquired at least some rights in the Patents.

**Answer:** Defendants admit that JDSU acquired Agility Communications in November 2005, and also acquired the Patents from Agility Communications, including all rights and interests therein.

12. JDSU represents that it has the right to enforce the Patents.

**Answer:** Defendants admit the allegations contained in Paragraph 12.

13. JDSU asserts that the technology covered by the Patents is proliferating through the optics industry.

**Answer:** Defendants admit that tunable laser products covered by the Patents are becoming widely adopted. Defendants further admit that the technology embodied in the Patents is superior to other tunable lasers in the market and that JDSU's ownership of the Patents allows JDSU to distinguish its products from others in the industry.

14. JDSU asserts that Bookham's tunable laser products, which are used for high-speed data communications, are covered by the '035 patent.

**Answer:** Defendants admit that JDSU asserts that Bookham's tunable laser products are covered by the '035 patent.

15.     The '400 and '278 patents are related to the '035 patent and claim related subject matter to the '035 patent.

**Answer:** Defendants admit that the '278 and '400 patents claim continuation-in-part priority to the application that issued as the '035 patent and that the 3 patents are generally directed to a tunable laser with an integrated optical amplifier and its method of fabrication and use. Defendants deny the remaining allegations contained in Paragraph 15.

16.     JDSU has accused Bookham in writing of infringing the claims of the '035 patent.

**Answer:** Defendants admit the allegations contained in Paragraph 16.

17.     JDSU employees or agents have informed Bookham's customers and potential customers that Bookham's tunable laser products infringe the claims of the '035 patent so that those customers and potential customers would purchase JDSU tunable laser products instead of Bookham tunable laser products.

**Answer:** Defendants deny the allegations contained in Paragraph 17.

18.     JDSU has informed Bookham's customers and potential customers that they will infringe the claims of the '035 patent by purchasing or using Bookham's tunable laser products, and should, therefore, purchase JDSU's tunable laser products instead.

**Answer:** Defendants deny the allegations contained in Paragraph 18.

19.     JDSU has pressured Bookham's customers and potential customers to purchase its tunable laser products by claiming that Bookham's tunable laser products may not be available for sale in the future because they allegedly infringe the claims of the '035 patent.

**Answer:** Defendants deny the allegations contained in Paragraph 19.

20.     After Bookham presented evidence to JDSU demonstrating the invalidity and unenforceability of the Patents, JDSU continued pressuring Bookham's customers and potential customers by repeating its infringement threats.

**Answer:** Defendants deny the allegations contained in Paragraph 20.

1  21. JDSU's assertions of infringement have damaged Bookham and continue to damage
2  Bookham. JDSU's repeated threats to Bookham's customers and potential customers have negatively
3  impacted Bookham's sales and interaction with its customers and potential customers. Bookham has
4  suffered irreparable injury, including increased transactional costs, damage to its corporate
5  reputation, and damage to its brand as a result of JDSU's conduct.

6  **Answer:** Defendants deny the allegations contained in Paragraph 21.

7  22. On information and belief, when JDSU made infringement threats regarding
8  Bookham's tunable laser products, it knew or should have known that the '035, '400, and '278 patents
9  are invalid and/or unenforceable. Specifically, JDSU's employees and agents knew, or should have
10 known, at least the following:

11  (a) Thomas Beck Mason, Gregory A. Fish, and Larry A. Coldren are named as inventors
12 on the '035, '400, and '278 patents.

13  (b) On August 6, 1998, Thomas Beck Mason, Gregory A. Fish, Steven P. DenBaars, and
14 Larry A. Coldren jointly published an article titled "Ridge Waveguide Sampled Grating DBR Lasers
15 with 22-nm Quasi-Continuous Tuning Range" in Volume 10, Issue No.9 of the journal Photonics
16 Technology Letters (hereafter the "Mason Publication").

17  (c) The Mason Publication discloses optimized waveguide structures and
18 improved regrowth techniques that enabled the authors to extend the tuning range of conventional
19 ridge waveguide DBR laser diodes to greater than 6 nm and, in SGDBR configuration, to greater
20 than 22 nm.

21  (d) According to the Mason Publication, these tuning ranges were the "largest
22 ever reported for a ridge waveguide structure."

23  (e) The broadly tunable laser disclosed in the Mason Publication is depicted in
24 Figure 1 B of the '035, '400, and '278 patents.

25  (f) Multiple claims in each of the '035, '400, and '278 patents recite as a claim
26 element the broadly tunable laser disclosed in the Mason Publication.

27  (g) On information and belief, Steven P. DenBaars is a co-inventor of the

-7-

broadly tunable laser assembly that is disclosed in the Mason Publication and recited as an element in the claims of the '035, '400, and '278 patents.

(h)     On information and belief, Mason, Fish, and/or Coldren knew at the time they filed the applications that matured into the '035, '400, and '278 patents that Steven P. DenBaars was a co-inventor of the inventions claimed therein.

(i)     The '035, '400, and '278 patents are therefore invalid under 35 U.S.C. § 1 et seq.

(j)     Additionally, Bookham is informed and believes and, based thereon, alleges that the named inventors of the '035, '400, and '278 patents and/or their attorneys, employees and agents, with intent to deceive, failed to disclose material prior art to the USPTO during the prosecution of the applications which issued as the '035, '400, and '278 patents.

(k)     The earliest application date of the '035, '400, and '278 patents is September 2, 1999.

(l)     The Mason Publication qualifies as a prior art printed publication to the Patents under 35 U.S.C. § 102(b), because it was published in this country more than one year prior to September 2, 1999, the earliest application date for the '035, '400, and '278 patents. The Mason Publication also qualifies as prior art under 35 U.S.C. § 102(a).

(m)     On information and belief, the authors of the Mason Publication also presented the Mason Publication and distributed copies of the publication at the International Semiconductor Laser Conference '98 in Nara, Japan, and elsewhere.

(n)     The information disclosed in the Mason Publication is not cumulative to information made of record during prosecution of the applications that issued as the '035, '400, and '278 patents.

(o)     The Mason Publication is material prior art under 37 C.F.R. § 1.56 at least because, when combined with other art, it establishes a prima facie case of unpatentability of one or more claims contained in each of the '035, '400, and '278 patents. A reasonable examiner would have considered the information disclosed in the Mason Publication to be important in deciding whether to allow one or more claims in the applications for the '035, '400, and '278 patents to issue.

(p)     The named inventors of the '035, '400, and '278 patents and/or their

1  attorneys, employees and agents knew that the Mason Publication was material prior art to the
2  inventions claimed in the applications that issued as the '035, '400, and '278 patents at the time they
3  filed their patent applications and while those applications were pending before the USPTO.
4      (q)  On information and belief, despite their knowledge of the Mason Publication and its
5  materiality to the subject matter of the '035, '400, and '278 patents, and despite their duty to disclose
6  material information to the USPTO, the named inventors and/or their attorneys, employees, and
7  agents knowingly and intentionally withheld the Mason Publication from the USPTO, with the intent
8  to deceive the USPTO regarding the patentability of the claims of the '035, '400, and '278 patents. As
9  a result, the '035, '400, and '278 patents are unenforceable for inequitable conduct.
10     (r)  Each of the named inventors, including Coldren in particular, is a prolific
11 author in the same field of endeavor as the Patents. On information and belief, the named inventors
12 authored or co-authored other prior art publications that were relevant to the patentability of the
13 Patents that also were not disclosed to the USPTO during prosecution of the Patents.

**Answer:** Defendants deny the allegations contained in Paragraph 22, including its subparts (a)-(r). In particular, Defendants deny the premises of Paragraph 22, including the allegation "that the '035, '400, and '278 patents are invalid and/or unenforceable." Defendants further deny that "JDSU's employees and agents knew, or should have known" the content in the allegations contained in Subparagraphs 22(a)-(r). However, without admitting what "JDSU's employees and agents knew, or should have known," Defendants admit that: Thomas Beck Mason, Gregory Fish, and Larry Coldren are named as the inventors of the '035, '400, and '278 patents; in 1998, an article was published entitled "Ridge Waveguide Sampled Grating DBR Lasers with 22-nm Quasi-Continuous Tuning Range" (the "Ridge Waveguide" article); and that the earliest application date for the '035, '400, and '278 patents is September 2, 1999.

**FIRST CLAIM FOR RELIEF**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**UNDER CALIFORNIA COMMON LAW**

23.  Bookham incorporates paragraphs 1-22 as though set forth fully and completely herein.

**Answer:** All prior responses are incorporated herein.

24.  On information and belief, JDSU intentionally interfered with prospective economic relations between Bookham and its customers and potential customers.

**Answer:** Defendants deny the allegations contained in Paragraph 24.

25.  On information and belief, JDSU has engaged in unfair, unlawful, or fraudulent business practices, and in untrue or misleading advertising by accusing Bookham's tunable laser products of infringing the claims of the '035 patent, which JDSU knows, or should know, is invalid and unenforceable.

**Answer:** Defendants deny the allegations contained in Paragraph 25.

26.  Bookham has been injured as a result of JDSU's unfair, unlawful, and fraudulent business practices and untrue or misleading advertising, and will continue to be injured until JDSU is enjoined from tortiously interfering with Bookham's existing and potential business relationships.

**Answer:** Defendants deny the allegations contained in Paragraph 26.

27.  Bookham is entitled to an injunction enjoining JDSU from continuing its intentional interference with Bookham's prospective economic advantage and an award of compensatory and punitive money damages.

**Answer:** Defendants deny the allegations contained in Paragraph 27.

DEFENDANTS' ANSWER AND COUNTERCLAIMS

**SECOND CLAIM FOR RELIEF**

**STATUTORY UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONAL CODE § 17200, ET. SEQ.**

28. Bookham incorporates paragraphs 1-22 as though set forth fully and completely herein.

**Answer:** All prior responses are incorporated herein.

29. On information and belief, JDSU has engaged in unfair, unlawful or fraudulent business practices, and in untrue or misleading advertising by accusing Bookham's tunable laser products of infringing the claims of the '035 patent, which JDSU knows, or should know, is invalid and unenforceable.

**Answer:** Defendants deny the allegations contained in Paragraph 29.

30. On information and belief, JDSU's unlawful conduct has resulted in JDSU's unjust enrichment.

**Answer:** Defendants deny the allegations contained in Paragraph 30.

31. Upon information and belief, JDSU is likely to continue its allegations of patent infringement unless enjoined by this Court.

**Answer:** Defendants deny the allegations contained in Paragraph 31.

32. Bookham has suffered reputational and monetary damages as a result of JDSU's unlawful conduct.

**Answer:** Defendants deny the allegations contained in Paragraph 32.

33. Bookham is entitled to an injunction enjoining JDSU from making any threats of, or charging or asserting or instituting any action for, infringement of the claims of the Patents against Bookham, or anyone in privity with Bookham, including its suppliers, successors, assigns, agents, customers, and/or potential customers, as well as restitution damages for the harm JDSU has inflicted.

**Answer:** Defendants deny the allegations contained in Paragraph 33.

**THIRD CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**

**U.S. PATENT NOS. 6,654,400, AND 6,687,278**

34. Each of paragraphs 1-22 is incorporated herein by reference.

**Answer:** All prior responses are incorporated herein.

35. There is an actual and justiciable controversy between Bookham and JDSU as to whether the use, making, sale, offering for sale, or importation of the Bookham tunable laser products infringes any valid or enforceable claim of the '035, '400, and '278 patents.

**Answer:** Paragraph 35 calls for a legal conclusion and requires no response herein. To the extent that Paragraph 35 requires a response, Defendants admit the allegations therein.

36. JDSU has accused Bookham's tunable laser products of infringing the claims of the '035 patent.

**Answer:** Defendants admit accusing at least some of Bookham's tunable laser products of infringing at least some of the claims of the '035 patent.

37. The '400 and '278 patents are related to the '035 patent and claim related subject matter to the '035 patent.

**Answer:** Defendants admit that the '278 and '400 patents claim continuation-in-part priority to the application that issued as the '035 patent and that the three patents are generally directed to a tunable laser with an integrated optical amplifier and its method of fabrication and use. Defendants deny the remaining allegations contained in Paragraph 37.

38. Bookham currently manufactures the Bookham tunable laser products for sale and use in the United States and offers for sale and sells tunable laser products in the United States.

**Answer:** Defendants admit the allegations contained in Paragraph 38.

39. Bookham's tunable laser products do not infringe any valid, enforceable claim of the '035, '400 and '278 patents.

**Answer:** Defendants deny the allegations contained in Paragraph 39.

40. JDSU's allegations of patent infringement have caused, and will continue to cause, damage to Bookham.

**Answer:** Defendants deny the allegations contained in Paragraph 40.

41. Upon information and belief, JDSU is likely to continue its allegations of patent infringement.

**Answer:** To the extent that Paragraph 41 predicts the future acts of JDSU, Paragraph 41 requires no response herein.

42. Bookham is entitled to a declaratory judgment of non infringement of the claims of the '035, '400, and '278. patents.

**Answer:** Defendants deny the allegations contained in Paragraph 42.

**FOURTH CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF INVALIDITY OF**

**U.S. PATENT NOS. 6,658,035, 6,654,400, AND 6,687,278**

**PURSUANT TO 35 U.S.C. §§ 101, 102, 103, 112 AND/OR 116**

43. Each of paragraphs 1-22 is incorporated herein by reference.

**Answer:** All prior responses are incorporated herein.

44. There is an actual and justiciable controversy between Bookham and JDSU as to whether each and every claim of the '035, '400, and '278 patents is valid.

**Answer:** Paragraph 44 calls for a legal conclusion and requires no response herein. To the extent that Paragraph 44 requires a response, Defendants admit the allegations therein.

45. Bookham contends that one or more claims of the '035, '400, and '278 patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

**Answer:** Defendants are without information sufficient to form a belief as to Bookham's contentions.

46. On information and belief, JDSU contends that each claim of the '035, '400, and '278 patents is valid and enforceable.

**Answer:** Defendants admit the allegations contained in Paragraph 46.

1    47.    The assertions made by JDSU that Bookham is infringing the claims of the '035 patent have caused, and will continue to cause, irreparable harm to Bookham.

**Answer:** Defendants deny the allegations contained in Paragraph 47.

48.    Bookham is entitled to a declaratory judgment of invalidity of the claims of the '035, '400, and '278 patents.

**Answer:** Defendants deny the allegations contained in Paragraph 48.

**FIFTH CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF**

**U.S. PATENT NOS. 6,658,035, 6,654,400, AND 6,687,278**

**AND RELATED PATENTS AND PATENT APPLICATIONS**

49.    Each of paragraphs 1-22 is incorporated herein by reference.

**Answer:** All prior responses are incorporated herein.

50.    There is an actual and justiciable controversy between Bookham and JDSU as to whether the '035, '400, and '278 patents and/or related patents and patent applications are unenforceable, in whole or in part, due to inequitable conduct before the USPTO by persons involved in the prosecution of the '035, '400, and '278 patents and related patents and patent applications.

**Answer:** Paragraph 50 calls for a legal conclusion and requires no response herein. To the extent that Paragraph 44 requires a response, Defendants admit the allegations therein.

51.    Bookham contends that the claims of the '035, '400, and '278 patents and related patents and patent applications are unenforceable because the applicants for the '035, '400, and '278 patents or their agents knowingly and intentionally failed to comply with 37 C.F.R. § 1.56 during the prosecution of the applications that led to the issuance of the '035, '400, and '278 patents, related applications, and applications upon which priority is claimed.

**Answer:** Defendants are without information sufficient to form a belief as to Bookham's contentions.

-14-

52. Under the doctrine of infectious unenforceability, the inequitable conduct committed by persons involved in the prosecution of the '035, '400, and '278 patents and related patents and patent applications infects and renders unenforceable all related patents and patent applications.

**Answer:** Defendants deny the allegations contained in Paragraph 52.

53. Bookham is entitled to a declaratory judgment of unenforceability of the claims of the '035, '400, and '278 patents.

**Answer:** Defendants deny the allegations contained in Paragraph 53.

54. Under the doctrine of infectious unenforceability, Bookham is entitled to a declaratory judgment of unenforceability of the claims of each patent and patent application that is related to, or that claims priority from, the '035, '400, or '278 patents.

**Answer:** Defendants deny the allegations contained in Paragraph 54.

### RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief it has requested in its Prayer for Relief.

### DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiff's claims and all other relief are barred because they fail to state claims upon which relief can be granted.

2. Plaintiff's claims and all other relief are barred by all applicable statutes of limitations.

3. Plaintiff's claims and all other relief are preempted by federal patent law.

4. Plaintiff's claims and all other relief are barred by the doctrine of estoppel.

5. Plaintiff's claims and all other relief are barred by the doctrine of waiver.

6. Plaintiff's claims and all other relief are barred because the Plaintiff comes into this Court with unclean hands.

7.     Plaintiff's state law claims are barred because Defendants had a reasonable and good faith belief that Plaintiff was infringing JDSU's valid Patents, and Plaintiffs have not pled facts to the contrary.

Defendants reserve the right to assert additional defenses to Plaintiff's claims as investigation and discovery may warrant.

## COUNTERCLAIM

For its Counterclaims against Bookham, Defendants JDSU and Agility Communications allege as follows:

### PARTIES

1.     Defendant JDSU is a corporation duly incorporated and existing under the laws of the State of Delaware, with its principal place of business in Milpitas, California.

2.     On information and belief, Bookham is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Jose, California.

### JURISDICTION AND VENUE

3.     This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 101 et seq. Jurisdiction is founded upon 28 U.S.C. §§ 1331 & 1338(a).

4.     Venue is established in this district pursuant to 28 U.S.C. §§ 1391(c) & 1400(b).

### COUNTERCLAIM FOR PATENT INFRINGEMENT

5.     On December 2, 2003, the United States Patent and Trademark Office issued patent number 6,658,035 (the "'035 Patent").

6.     On November 25, 2003, the United States Patent and Trademark Office issued patent number 6,654,400 (the "'400 Patent").

7.     On February 3, 2004, the United States Patent and Trademark Office issued patent number 6,687,278 (the "'278 Patent").

8.     The '035 Patent, the '400 Patent, and the '278 Patent were assigned to Agility Communications, Inc.

9. In 2005, JDSU acquired Agility Communications, Inc., and all of its assets, including the '035 Patent, the '400 Patent, and the '278 Patent, including all rights and interests therein.

10. The '035 Patent, the '400 Patent, and the '278 Patent generally pertain to the invention of tunable lasers with integrated optical amplifiers and a common waveguide.

11. Bookham manufactures tunable lasers with integrated optical amplifiers for sale and use in the United States and offers for sale and sells tunable lasers with integrated optical amplifiers in the United States.

12. From a time not yet known, Bookham without a license or any other right recognized by law, has infringed one or more claims of the '035 patent. Bookham's infringing conduct includes one or more of the following:

   a. the manufacture, use, sale, offer for sale, and/or importation into the United States of tunable laser products covered by one or more claims of the '035 patent;

   b. actively inducing the manufacture, use, sale, offer for sale, and/or importation into the United States of tunable laser products covered by one or more claims of the '035 patent;

   c. contributing to the manufacture, use, sale, offer for sale, and/or importation into the United States of tunable laser products covered by one or more claims of the '035 patent;

   d. supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the tunable laser claimed in the '035 patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '035 patent if such combination occurred within the United States; and/or

   e. supplying or causing to be supplied in or from the United States one or more components of the tunable laser claimed in the '035 patent that are especially made or especially adapted for use in the claimed tunable laser of the '035 patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, where such components are uncombined in whole or in part, knowing that such components are so especially made or adapted

and intending that such components will be combined outside of the United States in a manner that would infringe the '035 patent if such combination occurred within the United States.

13. Bookham, through its acts recited in Paragraph 12, also infringes one or more claims of the '400 Patent and the '278 Patent.

14. Bookham is aware of the existence of the '035, '400, and '278 Patents, and has been given notice by JDSU that Bookham's tunable lasers with integrated optical amplifiers infringe those patents, but nevertheless continues to willfully infringe those patents.

15. On information and belief, Bookham will continue infringing the claims of the '035, '400, and '278 Patents unless enjoined by the Court.

16. Bookham's infringement of the claims of the '035, '400, and '278 Patents has caused and will continue to cause JDSU substantial and irreparable injury, for which JDSU is entitled to all relief provided for by 35 U.S.C. §§ 281, 283, 284 & 285, including, but not limited to, injunctive relief, compensatory damages not less than the amount of a reasonable royalty, interest, costs, enhanced damages, and reasonable attorney fees where appropriate.

### PRAYER FOR RELIEF

**WHEREFORE,** Defendants request that this Court:

A. Find that Bookham has infringed and is infringing the claims of the '035, '400, and '278 Patents.

B. Find that Bookham's infringement of the claims of the '035, '400, and '278 Patents is willful.

C. Award JDSU its compensatory damages resulting from Bookham's infringement, together with interest as fixed by the court;

D. Award JDSU treble damages and reasonable attorneys fees for Bookham's willful infringement;

E. Issue an injunction enjoining Bookham, its employees, its agents, and all others acting in concert with Bookham from further infringement of the claims of the '035, '400, and '278 Patents;

F.  Grant such other and further relief as the court may find just and proper.

Dated: July 21, 2008                            FENWICK & WEST LLP


By:  s/ Heather N. Mewes
        HEATHER N MEWES

Attorneys for Defendants
JDS UNIPHASE CORPORATION, and
AGILITY COMMUNICATIONS, INC.


## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable, including without limitation, Bookham's claims and Defendants' affirmative defenses and counterclaims.


Dated: July 21, 2008                            FENWICK & WEST LLP


By:  s/ Heather N. Mewes
        HEATHER N MEWES

Attorneys for Defendants
JDS UNIPHASE CORPORATION, and
AGILITY COMMUNICATIONS, INC.