1   Counsel listed on signature page

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

12   BOOKHAM, INC., a Delaware Corporation,          Case No.  5:08-CV-01275-RMW

13                    Plaintiff,

14           v.

15   JDS UNIPHASE CORPORATION,                       **JOINT CASE MANAGEMENT**
     a Delaware Corporation;                         **STATEMENT BY BOOKHAM, INC.,**
16   AGILITY COMMUNICATIONS, INC.,                   **JDS UNIPHASE CORP., AND**
     a Delaware Corporation; and DOES 1-10,          **AGILITY COMMUNICATIONS, INC.**
17
                      Defendants.
18

19          Plaintiff Bookham, Inc. ("Bookham") and Defendants JDS Uniphase Corporation

20   ("JDSU") and Agility Communications, Inc. ("Agility") submit this Joint Case Management

21   Statement.

22   **1.    Jurisdiction and Service:**

23          The Court has jurisdiction over Bookham's noninfringement, invalidity, and

24   unenforceability claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and 28

25   U.S.C. § 1338.  The Court has jurisdiction over Bookham's remaining claims under 28 U.S.C.

26   § 1367.  The Court has jurisdiction over JDSU's infringement counterclaims under 28 U.S.C.

27   § 1338.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
BROOMFIELD

1  After Bookham filed its declaratory judgment complaint, the parties attempted to settle
2  their dispute.  Pending the outcome of those discussions, the parties agreed to stand down on
3  litigation.  JDSU and Agility were properly served with process on June 30, 2008.  JDSU and
4  Agility answered Bookham's complaint on July 21, 2008 and asserted counterclaims for
5  infringement.  Bookham will answer JDSU's counterclaims by August 11, 2008.
6  No disputes regarding personal jurisdiction or venue exist at this time.

**2.    Facts:**

8  The three patents-in-suit are U.S. Patent Nos. 6,658,035 (the " '035 Patent"), 6,654,400
9  (the " '400 Patent"), and 6,687,278 (the " '278 Patent").  The patents-in-suit relate to tunable laser
10  technology.  All three of the patents have the same filing date, and claim the benefit of the same
11  three provisional patent applications.

12  Bookham is headquartered in San Jose, California.  It designs, manufactures, and sells
13  tunable laser products for use in optical communication systems.

14  JDSU is headquartered in Milpitas, California.  JDSU acquired Agility and the patents-in-
15  suit in November 2005.  Agility was merged into JDSU and no longer exists as a corporate entity.

16  Bookham contends that, in bad faith, JDSU threatened Bookham's customers and
17  potential customers with infringement liability if they purchased Bookham's products, and that
18  JDSU continued making threats even after Bookham put JDSU on notice that the patents-in-suit
19  are invalid and unenforceable.  JDSU denies these allegations.

20  Bookham seeks declarations that it does not infringe any valid, enforceable claim of the
21  patents-in-suit, that the patents-in-suit are invalid and unenforceable, and that, by operation of the
22  doctrine of infectious unenforceability, all related patents in the same patent family are
23  unenforceable.  Bookham also seeks money damages and injunctive relief for its tortious
24  interference and unfair competition claims.

25  JDSU asserts that the patents-at-issue are valid and enforceable.  JDSU further contends
26  that Bookham willfully infringed, and continues to willfully infringe, the '035, '278, and '400
27  Patents.  JDSU seeks money damages, enhanced damages, injunctive relief, fees, and costs for
28  Bookham's alleged infringement.

3. **Legal Issues:**

The parties dispute at least the following legal issues:

- Whether Bookham's tunable laser products infringe any valid, enforceable claim of the '035, '400, or '278 Patents.

- Whether the claims of the '035, '400, and '278 Patents are invalid under 35 U.S.C. §§ 101, 102, 103, 112, or 116.

- Whether the claims of the '035, '400, and '278 Patents are unenforceable for inequitable conduct, and whether all of the other patents in the same family are unenforceable by operation of the doctrine of infectious unenforceability.

- Whether Agility owned the patents-in-suit, whether JDSU, as Agility's successor-in-interest, owns the patents-in-suit, and whether subject matter jurisdiction exists for JDSU's infringement counterclaim.

- Whether, in bad faith, JDSU made allegations regarding Bookham's alleged infringement of the '035, '278, or '400 patents to Bookham's customers and potential customers and, if so, whether those allegations constitute tortious interference with Bookham's prospective economic advantage.

- Whether, in bad faith, JDSU made allegations regarding Bookham's alleged infringement of the '035, '278, or '400 patents to Bookham's customers and potential customers and, if so, whether JDSU's allegations of patent infringement constitute statutory unfair competition under California Business and Professional Code § 17200.

- Whether Bookham infringed, and continues to infringe, the patents-in-suit.

- Whether Bookham's infringement is willful.

- Whether JDSU is entitled to injunctive relief.

- Whether JDSU is entitled to compensatory damages, including lost profits, and whether JDSU is entitled to enhanced damages and attorneys fees for Bookham's willful infringement.

4. **Motions:**

JDSU filed an administrative motion to consider whether this case should be related with

1   *JDS Uniphase v. Syntune, AB and Cyoptics, Inc.*, No. C08-03498, a patent litigation JDSU

2   commenced on July 21, 2008, in which JDSU asserts that Syntune, AB and Cyoptics, Inc.

3   infringe the '035, '278, and '400 Patents.  The case is pending before this Court.

4       Bookham plans to file petitions for reexamination of the patents-in-suit within 30 days,

5   and will seek to stay this litigation pending the outcome of the reexamination proceedings.  JDSU

6   plans to oppose any motion to stay this litigation.

7       JDSU plans to file a motion to consolidate this case with *JDS Uniphase v. Syntune, AB*

8   *and Cyoptics, Inc.*, No. C08-03498, for purposes of claim construction, discovery, and trial.

9   Bookham believes a motion to consolidate is premature at this juncture.

10  **5.**     **Amendment of Pleadings:**

11      Bookham filed a First Amended Complaint on June 30, 2008.

12      The parties propose a November 14, 2008, deadline for amending pleadings.

13  **6.**     **Evidence Preservation:**

14      Bookham instituted a document preservation plan shortly after receiving JDSU's

15  infringement notice letter.  Bookham has taken steps to preserve evidence that may be relevant to

16  this action.

17      JDSU instituted a document preservation plan immediately after the commencement of

18  litigation.  JDSU has taken steps to preserve evidence that may be relevant to this action.

19  **7.**     **Disclosures:**

20      The parties plan to serve initial disclosures on or before August 6, 2008.

21  **8.**     **Discovery:**

22      The parties propose the following modifications to the discovery rules:

23  •   Each side may take up to 70 hours of party depositions, including 30(b)(6) and 30(a)(1)

24      depositions.  Subject to the aforementioned time limit, the 30(b)(6) deposition of a party

25      may be noticed more than once, and 30(b)(6) deposition time may extend for more than

26      seven hours.

27  •   To the extent foreign language depositions are required, two-thirds of the total deposition

28      time will be counted toward a party's time limit if a translator is used; check translators

are allowed, and disputes regarding translation can be stated on the record by the check translator.

- Each side may serve up to two depositions on written questions to custodians of business records for opposing parties; each such deposition on written questions shall be limited to no more than 20 questions.

- The parties may serve an unlimited amount of depositions on written questions to non-party custodians of business records for the purposes of authenticating documents.

- The parties may serve an unlimited number of document subpoenas to third-parties.

**9.    Related Cases:**

On July 21, 2008, JDSU filed a suit, *JDS Uniphase v. Syntune, AB and Cyoptics, Inc.*, No. C08-03498, in which it asserted claims alleging infringement of the same patents that are the focus of this litigation.

**10.    Relief:**

**Bookham seeks the following relief:**

- Declarations of non-infringement of the '035, '400, and '278 Patents under the Declaratory Judgment Act.

- Declarations of invalidity of all claims of the '035, '400, and '278 Patents under the Declaratory Judgment Act.

- Declarations of unenforceability of all claims of the '035, '400, and '278 Patents under the Declaratory Judgment Act, and declarations of unenforceability of all other United States patents in the same family pursuant to the doctrine of infectious unenforceability.

- An injunction against JDSU and Agility preventing them from making assertions to Bookham or to third parties that Bookham's tunable laser products infringe any claims of the patents-in-suit.

- Bookham's lost profits arising from JDSU and Agility's tortious interference with Bookham's prospective economic advantage.

- Restitution damages from JDSU and Agility for the harm their unfair competition has caused Bookham.

1        •  An injunction against JDSU and Agility preventing them from future unfair competition

2           with Bookham.

3        •  Punitive damages from JDSU and Agility.

4        •  Bookham's attorney fees and costs pursuant to 35 U.S.C. § 285.

5    **JDSU seeks the following relief:**

6        •  A finding that Bookham has infringed, and continues to infringe, the claims of the '035,

7           '278, and '400 Patents, and that such infringement was willful.

8        •  An award of compensatory damages resulting from Bookham's infringement, including in

9           the form of lost profits, plus interest.

10       •  An award of treble damages and attorney fees for willful infringement.

11       •  An injunction against Bookham, its employees, and agents against future infringement of

12          the claims of the '035, '278, and '400 Patents.

13   **11.    Settlement and ADR:**

14   The parties engaged in settlement discussions between March and June, 2008, and were

15   unable to reach a settlement.  At present, no settlement negotiations are occurring.  A claim

16   construction order and/or rulings on dispositive motions may facilitate the resumption of

17   settlement negotiations.  The parties have discussed the possibility of mediation and may consider

18   retaining a private mediator at some point in the future.  JDSU proposes that the parties engage in

19   binding arbitration.  Bookham refuses to engage in binding arbitration.

20   **12.    Consent to Magistrate Judge For All Purposes:**

21   Bookham declined magistrate jurisdiction on April 14, 2008.

22   **13.    Other References:**

23   The parties do not believe that the litigation is suitable for reference to a special master or

24   the Judicial Panel on Multidistrict Litigation.  As stated above, JDSU would prefer to engage in

25   early binding arbitration through a private arbitrator, whereas Bookham does not believe that the

26   litigation is suitable for binding arbitration.

27   **14.    Narrowing of Issues:**

28       1.  Oral and written communications between an expert witness for any party and the

party, its attorneys, or representatives employing the expert that are made in connection with the expert witness's engagement are not discoverable except to the extent that the expert relied on them as a basis for his opinions.

2. Drafts of a report of an expert witness that are prepared in connection with the subject matter of this litigation are not discoverable.

**15.    Expedited Schedule:**

No special process is requested.

**16.    Scheduling:**

The parties propose the following dates:

| Event | Date |
|---|---|
| Rule 26 Initial Disclosures | August 6, 2008 |
| Patent L.R. 3-1 and 3-2 disclosures | August 18, 2008 |
| Patent L.R. 3-3 and 3-4 disclosures | October 2, 2008 |
| Patent L.R. 4-1 disclosures | October 13, 2008 |
| Patent L.R. 4-2 disclosures | November 3, 2008 |
| Joint claim construction and prehearing statement (Patent L.R. 4-3) | December 1, 2008 |
| Completion of claim construction discovery (Patent L.R. 4-4) | January 5, 2009 |
| Opening claim construction briefs (Patent L.R. 4-5) | January 15, 2009 |
| Claim construction opposition briefs (Patent L.R. 4-5(b)) | January 29, 2009 |
| Claim construction reply briefs (Patent L.R. 4-5(c)) | February 5, 2009 |
| Claim construction hearing (Patent L.R. 4-6) | Per Court schedule |
| Further case management conference | Following Claim Construction Hearing |
| Parties serve opening expert reports | 60 days after Claim Construction Order |

| Parties serve rebuttal expert reports | 90 days after Claim Construction Order |
| --- | --- |
| Factual discovery closes | 120 days after Claim Construction Order |
| Expert discovery closes | 120 days after Claim Construction Order |
| Dispositive motion deadline | 150 days after Claim Construction Order |
| Motions *in limine* and *Daubert* motions | TBD |
| Pre-trial disclosures and proposed jury instructions | TBD |
| Pre-trial conference | TBD |
| Jury trial begins | TBD |
| Bench trial on inequitable conduct begins | TBD |

**17.**  **Trial**:

Bookham and JDSU have both requested a jury trial on all issues that are triable to a jury.

**18.**  **Disclosure of Non-Party Interested Entities or Persons**:

Bookham filed a corporate disclosure statement pursuant to Civil Local Rule 3-16 on June 30, 2008.  Bookham is unaware of any non-party that possesses a financial interest in the subject matter in controversy or any other kind of interest that could be substantially affected by the outcome of the proceeding.

JDSU filed a corporate disclosure statement pursuant to Civil Local Rule 3-16 on June 30, 2008.  JDSU is unaware of any non-party that possesses a financial interest in the subject matter in controversy or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: August 1, 2008

1  COOLEY GODWARD KRONISH LLP          FAEGRE & BENSON LLP

2

3  /s/ *Orion Armon*                    /s/ *Mary v. Sooter*
   Orion Armon (*pro hac vice*)         Mary v. Sooter (*pro hac vice*)
4
   COOLEY GODWARD KRONISH, LLP          NATALIE HANLON-LEH (*pro hac vice*)
5  THOMAS J. FRIEL, JR. (80065)         nhanlon-leh@faegre.com
   tfriel@cooley.com                    MARY V. SOOTER (*pro hac vice*)
6  JEFFREY S. KARR (186372)             msooter@faegre.com
   jkarr@cooley.com                     DAVID J.F. GROSS (*pro hac vice*)
7  3000 El Camino Real                  dgross@faegre.com
   Five Palo Alto Square                TIMOTHY E. GRIMSRUD (*pro hac vice*)
8  Palo Alto, CA 94306                  tgrimsrud@faegre.com
   Telephone:    (650) 843-5000         FAEGRE & BENSON LLP
9  Facsimile:    (650) 857-0663         3200 Wells Fargo Center
                                        1700 Lincoln Street
10 COOLEY GODWARD KRONISH, LLP          Denver, Colorado 80203
   WAYNE O. STACY (pro hac vice)        Telephone: 303-607-3500
11 wstacy@cooley.com                    Facsimile: 303-607-3600
   ORION ARMON (pro hac vice)
12 oarmon@cooley.com                    HEATHER N. MEWES (CSB No. 203690)
   380 Interlocken Crescent, Suite 900  hmewes@fenwick.com
13 Broomfield, CO 80021-8023            LAUREN E. WHITTEMORE (CSB No.
   Telephone:    (720) 566-4000         255432)
14 Facsimile:    (720) 566-4099         lwhittemore@fenwick.com
                                        FENWICK & WEST LLP
15                                      555 California Street, 12th Floor
                                        San Francisco, California 94104
16                                      Telephone: 415-875-2300
                                        Facsimile: 415-281-1350
17
                                        Attorneys for Defendants
18 Attorneys for Plaintiff              JDS UNIPHASE CORPORATION and
   BOOKHAM, INC., a Delaware Corporation AGILITY COMMUNICATIONS, INC.
19

20

21

22 305837 v2/CO

23

24

25

26

27

28